IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

May 21, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | |
|---|---|
| STATE OF TENNESSEE, EX REL., ) | C/A NO. 03A01-9901-GS-00015 |
| JUDY DEBYL, ) | |
| ) | |
| Petitioner-Appellee, ) | |
| ) | |
| ) | |
| ) | |
| ) | APPEAL AS OF RIGHT FROM |
| v. ) | THE BRADLEY COUNTY |
| ) | GENERAL SESSIONS COURT |
| ) | |
| ) | |
| ) | |
| ) | |
| BRYAN SCOTT GRAHAM, ) | |
| ) | HONORABLE C. VAN DEACON, JR., |
| Respondent-Appellant.) | JUDGE |


For Appellant                    For Appellee

D. MITCHELL BRYANT              PAUL G. SUMMERS
Cleveland, Tennessee            Attorney General & Reporter
                                Nashville, Tennessee

                                TAMMY D. KENNEDY
                                Assistant Attorney General
                                Nashville, Tennessee

1

# O P I N I O N

AFFIRMED AND REMANDED                                    Susano, J.

This is post-divorce litigation between the parents[1] of Peyton Tanner Graham ("Tanner") (DOB: October 14, 1980). The proceedings below, as pertinent to this appeal, focused on the child support obligations of the minor child's father, Bryan Scott Graham ("Father"). After the trial court granted Judy Debyl ("Mother") custody of Tanner, it adjudged a child support arrearage against Father of $4,599.29[2] and ordered him to continue paying child support of $117.81 per week until his obligation terminated pursuant to the provisions of T.C.A. § 34-11-102(b).[3] Father appeals, arguing that the trial court should have absolved him of the child support arrearage and all present and future child support because, in his words, he had

> spent out at least $100,000 in costs on
> behalf of the minor child, during the eleven
> plus years that he raised and support[ed] the
> child. This amount dwarfs any amount of
> child support which would be owed by [Father]
> to [Mother].

---

[1] The State of Tennessee represented the interests of the relator, Judy Debyl, at trial and is representing her interests on this appeal.

[2] This is the amount of child support that the trial court found had accrued since a child support order was entered following a hearing on March 11, 1997. None of the payments claimed by Father were made after that date.

[3] T.C.A. § 34-11-102(b) provides as follows:

> Parents shall continue to be responsible for the
> support of each child for whom they are responsible
> after the child reaches eighteen (18) years of age if
> the child is in high school. The duty of support
> shall continue until the child graduates from high
> school or the class of which the child is a member
> when the child attains eighteen (18) years of age
> graduates, whichever occurs first.

On this appeal, Father argues that since Tanner lived with him for over 11 years, and since Mother, who was then the child's legal custodian, agreed to this arrangement, and since father contributed *all* of Tanner's support during this 11-year period -- an amount he estimated to be in the range of $100,000 -- it is unfair to require him to pay any present or future child support to Mother, who again[4] has legal and physical custody of Tanner. He relies on a number of opinions of this court holding that a non-custodial parent is entitled to a credit against his or her child support obligation for payments made by the non-custodial parent for the child's necessities, provided those necessities are not being furnished by the custodian. *Oliver v. Oczkowicz*, C/A No. 89-396-II, 1990 WL 64534 (Tenn.App. at Nashville, May 18, 1990); *Sutton v. Sutton*, C/A No. 180, 1991 WL 16234 (Tenn.App. at Knoxville, February 12, 1991); *Duckett v. Duckett*, C/A No. 03A01-9506-CV-00198, 1996 WL 57943 (Tenn.App. at Knoxville, February 13, 1996). Father is correct when he asserts that the cited cases stand for the proposition stated by him. He is incorrect when he says that these cases support his request in this litigation.

In the cases relied upon by Father, credit was given against a *past* child support obligation for payments made by the non-custodial parent during a period of time that was coextensive with the period of the *past* child support obligation. In those

---

[4]For a brief period of time between the divorce judgment and the most recent award of custody to Mother, Father was the child's legal custodian.

cases, the non-custodian's payments were, in effect, treated by the court as payments on the child support obligation.  In the instant case, Father seeks credit against his *present* and *future* child support obligations for payments made by him in the *past*. Father cites no cases to support his assertion that the principle enunciated in **Oliver** and its progeny applies to the factual scenario in this case.  To our knowledge, there is no statutory or case authority authorizing a court to forgive present or future support because of the past contributions of a non-custodial parent toward the support of a minor child.

"[T]he purpose of [a child support] payment is to fulfill the non-custodial parent's obligation to contribute to the child's support." **Rutledge v. Barrett**, 802 S.W.2d 604, 607 (Tenn. 1991).  (Emphasis omitted).  Generally speaking, payments and contributions made by the obligor parent in the past -- even substantial ones -- which are totally unrelated to the obligor's present or future child support obligations cannot be relied upon to satisfy these latter obligations.

The judgment of the trial court is affirmed.[5]  This matter is remanded to the trial court for such further

---

[5]The State urges us not to consider Father's legal argument.  It correctly points out that Father has not filed a transcript or statement of the evidence to support the factual predicate for his legal argument.  While we could have affirmed the trial court on this basis, *cf.* **J. C. Bradford & Co. v. Martin Construction Co.**, 576 S.W.2d 586, 587 (Tenn. 1979), we have chosen, in our discretion, to reach Father's legal issue.

proceedings, if any, as may be required and for the collection of costs assessed below, all pursuant to applicable law.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Herschel P. Franks, J.


_____
H. David Cate, Sp.J.